UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOSE LUIS RAMIREZ-FLORES, )<br>)<br>Defendant. )<br>) | Case No.: 2:23-cr-00197-GMN-EJY-1<br><br>**ORDER DENYING DEFENDANT's MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 821** |

Pending before the Court is the Motion for Sentence Reduction Under Amendment 821, (ECF No. 27), filed by Defendant Jose Luis Ramirez-Flores. Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for his requested relief and was required within 30 days of a *pro se* motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility. Here, the FPD's office filed a Notice of Non-Eligibility, explaining that upon review of Defendant's "*pro se* filing" and "additional relevant documents" he "does not qualify for a sentence reduction." (Notice Non-Eligibility 1:17–22, ECF No. 30).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction Under Amendment 821 because he has not met his burden of showing a reduction is warranted under the amendments to the United States Sentencing Guidelines.

I. **BACKGROUND**

In December 2023, Defendant pleaded guilty to Count One of the Information — Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). (*See* Mins. Proceedings, ECF No. 25); (Judgment ("J."), ECF No. 26). With a total offense level of 17, total criminal history score of four, and a criminal history category of III, Defendant

received a guideline imprisonment range of 30 to 37 months. (PSR ¶ 62).  As part of Defendant's plea agreement, the parties jointly recommended a sentence of 15 months. (Plea Agreement 10:22–25, ECF No. 24).  The Court sentenced Defendant to 15 months' imprisonment. (*See* Mins. Proceedings, ECF No. 25); (J.).  Defendant now petitions the Court for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines, (ECF No. 27).

## II.	LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b).  Section 3582(c)(2) establishes an exception to the general of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010).  Specifically, § 3582(c)(2) provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.  Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826.  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

## III.	DISCUSSION

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg.

60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 16, 2024).  Amendment 821 is bifurcated into Parts A and B.  The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A.  Part A – Amendment 821

Part A of Amendment 821 limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1.  Specifically, with regard to "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points.  Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.

Defendant is not eligible for a sentence reduction under Part A for two reasons.  First, Defendant did not receive any "status points" at the time of sentencing and as a result, is not eligible for a reduction under Part A.  Next, even assuming Part A's application, Defendant would still not be eligible for a reduction.  With two status points removed, Defendant would be left with a total of two criminal history points.  With two criminal history points, a now criminal category of II, and a total offense level of 17, Defendant's new guideline range is 27 to 33 months. *See* U.S.S.G. ch. 5, part A.  Pursuant to the applicable policy statement, the Court cannot reduce Defendant's term of imprisonment below the minimum of the amended guideline range—*i.e.*, below 27 months. *See* U.S.S.G. § 1B1.10(b)(2)(A) (explaining that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"); *see also Dillon*, 560 U.S. at 826 ("The court is also constrained by the Commission's statements

dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).  Because the Court imposed a sentence of 15 months, that is already lower than the minimum of the amended range of 27 months, it is precluded by the applicable policy statement from further reducing Defendant's sentence. Accordingly, a sentence reduction is not warranted under Part A.

### B. Part B – Amendment 821

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Diaz-Diaz*, No. 19-cr-0187, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2024); *see also* U.S.S.G. § 4C1.1(a).  Defendant had four criminal history points at sentencing. (PSR ¶ 40).  As a result, Defendant does not qualify for Amendment 821's two-level reduction in the offense level and his sentencing range remains unchanged. *Diaz-Diaz*, 2023 WL 9040636, at *1.

In sum, a sentence reduction is not warranted under Parts A and B to Amendment 821. Accordingly, Defendant's Motion for Sentence Reduction is DENIED.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under Amendment 821, (ECF No. 27), is **DENIED**.

**DATED** this  31  day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court